UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY BUCHANAN,<br><br>    Plaintiff,<br><br>v.<br><br>BRYSON WENDELL, *et al.*,<br><br>    Defendants. | Case No.  2:25-cv-1923-JDP (P)<br><br>ORDER |

Whitney Buchanan, a state prisoner, brings this action against twenty-one defendants and, in a complaint that is difficult to read, brings at least three separate and unrelated claims.  The complaint cannot proceed as articulated, and I will dismiss it with leave to amend.  I will also grant plaintiff's application to proceed in forma pauperis, ECF No. 2, and deny his motion to appoint counsel, ECF No. 4.

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   Analysis**

As an initial matter, plaintiff's lengthy complaint is difficult to read. His handwriting lacks spaces between words, and it is difficult for the reader to parse the dense paragraphs that make up his allegations. *See*, *e.g.*, ECF No. 1 at 8. While this flaw is not fatal, it is an issue plaintiff should address in any amended complaint that he chooses to file.

More problematically, the complaint contains at least three unrelated claims. First, plaintiff alleges that, in September 2023, defendant Wendell used excessive force against him. *Id.* at 4. Second, he alleges that defendants Ahmad and Park, both physicians, rendered constitutionally inadequate medical care "several months" after Wendell's use of force. *Id.* at 7. Third, plaintiff alleges that defendant Tolbert, also a physician, provided inadequate medical care in March 2025. *Id.* at 8. Plaintiff is advised that he may not bring multiple, unrelated claims

against multiple defendants in the same action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Whether Wendell, a correctional officer, used excessive force against plaintiff in 2023 is a separate question, factually and legally, from whether Tolbert, a medical provider, provided inadequate medical care in 2025.

I will give plaintiff an opportunity to amend so that he may bring only related claims. Additionally, in any amended complaint, plaintiff should be explicit as to how many defendants he seeks to sue and how each allegedly violated his rights. I cannot tell, based on the current complaint, how each of the named defendants is alleged to have wronged him. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Additionally, I will deny plaintiff's motion to appoint counsel without prejudice. ECF No. 4. At this point, plaintiff has not demonstrated a likelihood of success on the merits of his claims or an inability to articulate and prosecute his own claims. *See Agustin v. County of Alameda*, 234 Fed. Appx. 521, 522 (9th Cir. 2007) ("The district court did not abuse its discretion when it denied Agustin's motion to appoint counsel because he failed to show a likelihood of success on the merits.").

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's motion to appoint counsel, ECF No. 4, is DENIED without prejudice.

3. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

4. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

5. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: _September 3, 2025_  
                                             JEREMY D. PETERSON  
                                             UNITED STATES MAGISTRATE JUDGE