UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY BUCHANAN, | Case No. 2:25-cv-1923-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| BRYSON WENDELL, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, alleges that defendant Wendell, a correctional officer, subjected him to excessive force on September 21, 2023. This allegation is suitable to proceed past screening. Plaintiff's other claims, related to his medical care after the incident and the investigation into Wendell's use of force, cannot proceed as articulated. Plaintiff must choose either to proceed only with his Eighth Amendment claim against Wendell, or delay serving any defendant and file another amended complaint.

I.      Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.    Analysis

Plaintiff alleges that on September 21, 2023, defendant Bryson Wendell, a correctional officer, used excessive force against him. Specifically, he alleges that Wendell lifted him from his wheelchair and slammed him to the floor. ECF No. 15 at 8. This Eighth Amendment excessive force claim is suitable to proceed.

Plaintiff's other claims fit two categories. First, he broadly alleges that other correctional staff attempted to conceal the nature and extent of Wendell's use of force. *Id.* For instance, he claims that a sergeant named Borba told others that plaintiff had simply fallen out of his wheelchair. *Id.* Plaintiff also alleges that camera footage of the incident was missing or

incomplete. *Id.* at 15. It is unclear how these attempts to conceal or cover up the use of force harmed plaintiff, however, as he states that the prison warden did ultimately find that Wendell used excessive force.[1] *Id.* at 17.

Second, plaintiff complains that the medical care he received following the assault was inadequate. He claims that Drs. Park and Ahmadzia misdiagnosed him. *Id*. at 13. These claims regarding his medical care are not sufficiently related to the claims of excessive force. While plaintiff's injuries might stem from, or have been exacerbated by, the use of force, the question of whether his medical providers acted appropriately represents a different question, legally and factually, from whether defendant Wendell violated his Eighth Amendment rights. Additionally, while plaintiff's allegations imply that his care was inadequate, they do not distinguish between negligence, which is not actionable under section 1983, and deliberate indifference, which is. In other words, the allegations as currently articulated do not necessarily indicate that these physicians knew or should have known that they were ignoring a serious risk to plaintiff's health when they offered their diagnoses.

Plaintiff may either proceed only with his claims against Wendell, or he may delay serving any defendant and file another amended complaint. He is advised that the amended complaint must be titled "Second Amended Complaint," be complete in itself, and will supersede the current complaint. If plaintiff elects to file another amended complaint, he is advised that better organization and cleaner handwriting will better enable the court, and any defendant that is served, to understand the specifics of his claims. It is also unnecessary, as plaintiff does in the current complaint, to repeat his allegations against Wendell at the start of each page. Articulating them once in their entirety is sufficient.

Accordingly, it is ORDERED that:

1. Within thirty days, plaintiff may confirm his intent to proceed only with the Eighth Amendment claim against defendant Wendell or, within that same time, file another amended

---

[1] Plaintiff does allege that he did not receive a "fair and impartial" hearing on a rules violation report he received in connection with the incident. ECF No. 15 at 15. The complaint's lack of organization and cramped handwriting make it difficult to discern what the outcome of plaintiff's hearing was and what, if any punishment, he received.

complaint with the understanding that doing so will delay service of any defendant.

2.    The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:    February 27, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE